IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BETHANY MORGAN,
        Plaintiff,

v.                                                    No. 08-1392-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.

## ORDER

This matter is currently before the court on the defendant's Objection to Magistrate's Report and Recommendation. (Dkt. No. 17). The Commissioner of Social Security denied plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision. The matter was referred to the Magistrate Judge for a recommendation and report pursuant to Rule 72(b), Federal Rules of Civil Procedure. Magistrate Judge Gerald B. Cohn issued a Recommendation and Report (Dkt. No. 16) on February 16, 2010, which recommended that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings. The defendant filed objections to the Report on February 19, 2010. The plaintiff filed her Response on March 5, 2010. (Dkt. No. 18).

The defendant maintains that the court should not adopt the Magistrate's recommendation because: 1) the ALJ properly found that Dr. Gillenwater's opinion was based solely on plaintiff's subjective complaints; 2) the ALJ had more than an adequate basis for finding that the absence of clinical signs was inconsistent with the plaintiff's alleged limitations; and 3) the ALJ's reliance on

the fact that plaintiff did not have surgery, or inpatient hospitalization, or a physical therapy referral was appropriate in support of the disability determination.

The standards the court employs when reviewing objections to a recommendation and report are clear. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72. Only those portions of a recommendation and report identified as objectionable will be reviewed. *See Garcia v. City of Albuquerque,* 232 F.3d 760, 767 (10th Cir.2000); *Gettings v. McKune,* 88 F.Supp.2d 1205, 1211 (D.Kan.2000). Review of the identified portions is *de novo*, and the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *See Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995) (citation omitted).

The district court has considerable judicial discretion in choosing what reliance to place on the magistrate judge's findings and recommendations. *See Andrews v. Deland,* 943 F.2d 1162, 1170 (10th Cir.1991) (citing *United States v. Raddatz,* 447 U.S. 667 (1980)), *cert. denied,* 502 U.S. 1110 (1992). In short, the district court may accept, reject, or modify the magistrate judge's findings, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401-02 (1971); *Miller v. Chater,* 99 F.3d 972 (1996); *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir.1989); *Kemp v. Bowen,* 816 F.2d 1469, 1475 (10th Cir.1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. *Richardson,* 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence

supporting the Secretary's findings. *Nieto v. Heckler,* 750 F.2d 59, 61 (10th Cir.1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. *Trimiar v. Sullivan,* 966 F.2d 1326, 1328 (10th Cir.1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. *O'Dell v. Shalala,* 44 F.3d 855, 858 (10th Cir.1994); *Frey v. Bowen,* 816 F.2d 508, 512 (10th Cir.1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues *de novo*. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

This deferential standard of review does not apply to the Secretary's application of the law. *Washington v. Shalala,* 37 F.3d 1437, 1439 (10th Cir.1994); *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir.1984); *Frey,* 816 F.2d at 512. Thus, reversal may be appropriate when the Secretary either applies an incorrect legal standard or fails to demonstrate that she relied on the correct legal standards. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir.1994).

The Magistrate Judge found numerous errors in the ALJ's medical evidence review, and analysis of Dr. Gillenwater's opinions. (Dkt. No. 16 at 11). The ALJ noted that Dr. Gillenwater's residual functional capacity ("RFC") assessment appeared to be based on plaintiff's subjective complaints rather than objective evidence. The Tenth Circuit has held that an ALJ may not reject a treating physician's opinion based on speculation. *Victory v. Barnhart*, 121 Fed. Appx. 819 (10th Cir. 2005). In *Victory*, the court held the ALJ's finding that the doctor's opinion was based on the claimant's own subjective report of her symptoms was speculative, unsupported assumption. *Id.* at 823. As the Magistrate Judge here correctly points out, the ALJ's findings ignore the fact that Dr. Gillenwater conducted physical examinations on the plaintiff on May 31, July 17, and August 7,

2006, and reported those results in his medical records. (Dkt. No. 16 at 13). Nothing in the record supports a finding that Dr. Gillenwater's RFC assessment relied solely on the plaintiff's subjective complaints.

The ALJ's next error was indicating that the medical evidence did not identify clinical signs typically associated with musculoskeletal pain. (Dkt. No. 13 at 6-7). The ALJ did not cite any medical evidence in support of that assertion. Neither the Magistrate Judge nor this court found any evidence in the record to support the ALJ's reliance on the lack of clinical signs typically associated with musculoskeletal pain. An ALJ may not discount a medical opinion from a medical treatment source based on the lack of "clinical signs typically associated with chronic musculoskeletal pain . . . ." *Bolan v. Barnhart*, 212 F.Supp.2d 1248, 1262 (D.Kan.2002).

The defendant concedes the ALJ erroneously indicated there were no clinical signs of positive straight–leg raising in the medical evidence. (Dkt. No. 17 at 2). The Magistrate Judge noted that medical records on eight different dates detailed signs of positive straight–leg raising. (Dkt. No. 16 at 15). However, the defendant maintains that "such an error does not require remand in this case as substantial evidence nonetheless supports the Commissioner's final decision." (Dkt. No. 17 at 3). The court finds that the ALJ's error of overlooking medical evidence on eight different dates does require a remand. The ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex. Rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir.2001). The court finds that a remand is appropriate to ensure that all evidence is considered in the disability determination**.**

The ALJ's reliance on the fact that plaintiff had not had: 1) surgery; 2) inpatient hospitalization; and 3) a physical therapy referral is erroneous. It is error for an ALJ to place any

4

significance on the lack of treatment if there is no medical evidence that supports such reliance. *See Park v. Astrue,* Case No. 07-1382-MLB, 2008 WL 4186871 at *5 (D. Kan. Sept. 9, 2008). Nothing in the record supports the ALJ's reliance on the lack of treatment in his findings.

The ALJ also appears to have misconstrued or misstated at least some of the medical evidence. For example, he noted:

> In May 2006, she told Dr. Gillenwater that the pain was worse with standing or walking and better when sitting (exhibit B9F/109). However, Dr. Gillen[water] completed a residual functional assessment in September 2006 indicating sitting 15 minutes at a time for 4 hours in an 8 hour day (exhibit 1B10F).

(Dkt. No. 7 at 27) He cited this as support for his conclusion that Dr. Gillenwater's opinion that plaintiff can sit for only 15 minutes at a time for 4 hours in an 8 hour day is inconsistent with the medical evidence. Critically, however, the actual medical record went on to state that "sitting for extended periods of time will aggravate the pain." (Dkt. No. 7-1 at 39). When the ALJ noted that the MRI showed some protrusion at L5-S1, "without definite stenosis" (Dkt. No. 7 at 27), he failed to mention that Dr. Shah noted that "[i]t shows a herniated disc at L5-S1 with some central and some foraminal stenosis." (Dkt. No. 7 at 122). Finally, the ALJ asserted that there was no "definite evidence of nerve root impingement" (Dkt. No. 7 at 27), but the record is unclear that the ALJ considered the relevance of a 2007 MRI test that showed "probable associated displacement of the S1 nerve root." (Dkt. No. 7 at 120), or that Dr. Gillenwater opined that an MRI test was compatible with nerve root compression. (Dkt. No. 7-1 at 18). However inadvertent it may be, an ALJ may not distort evidence or ignore evidence that is favorable to the plaintiff. *Owen v. Chater*, 913 F.Supp. 1413, 1420 (D.Kan. 1995).

The Magistrate Judge applied the correct standard, and identified multiple areas that need to be addressed. The court finds that the errors require this case be remanded in order for the ALJ

5

to make new RFC findings after giving appropriate consideration to Dr. Gillenwater's opinion, and the other medical evidence.

After conducting a *de novo* review of the record, the court accepts the Report and Recommendation.

THEREFORE, the Court:

1) DENIES defendant's objection (Dkt. No. 17);

2) ADOPTS the Report and Recommendation (Dkt. No. 16);

3) REVERSES set forth more fully in the Report and Recommendation; and

4) REMANDS remands the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further development in accordance with the standards set out in the Recommendation and Report.

IT IS SO ORDERED this 29th day of April, 2010.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE